AO 91 (Rev. 5/85) Criminal Complaint   AUSA RODRIGUEZ-SCHACK

# United States District Court

SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

JAVIER HERNANDEZ RODRIGUEZ and
JUAN ALFONSO ROBLES,

Defendants.

**CRIMINAL COMPLAINT**

CASE NUMBER: 06-3196- PAW

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.

On or about October 20, 2006, while on board a vessel subject to the jurisdiction of the United States, with the Southern District of Florida being the point of entry where the defendants entered the United States, the defendants, JAVIER HERNANDEZ-RODRIGUEZ and JUAN ALFONSO ROBLES, did knowingly and intentionally combine, conspire, confederate and agree with each other and with others, to possess with intent to distribute a controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 46, United States Code, Section 70503(a) and Title 18, United States Code, Section 2.

I further state that I am a Special Agent with the Drug Enforcement Administration and that this complaint is based on the following facts:

See Attached Affidavit

Continued on the attached and made a part hereof:   [x] Yes   [ ] No

SPECIAL AGENT FRANK N. DANIELS
DRUG ENFORCEMENT ADMINISTRATION

Sworn to before me and subscribed in my presence,

November 4, 2006                               at   Miramar, Florida
Date                                                City and State

PATRICK A. WHITE                              Signature of Judicial Officer
UNITED STATES MAGISTRATE JUDGE

## AFFIDAVIT

1. I am a Special Agent with the United States Department of Justice, Drug Enforcement Administration (DEA), having been so employed since November 2003. Prior to becoming a Special Agent with the DEA, I served as a police officer in the cities of Florence and Conway, South Carolina, for a period of approximately six years. I received specialized training in narcotics investigations and identification as well as the laws governing searches and seizures. I submit this affidavit based on information known to me personally from my investigation, as well as information obtained from other law enforcement officers who have investigated this matter, and other individuals who have personal knowledge of the facts contained herein. The facts set forth herein do not constitute all the facts involved in this matter, only those that I believe are necessary to support a finding of probable cause.

2. This affidavit is submitted for the limited purpose of showing probable cause in support of a complaint against Javier HERNANDEZ RODRIGUEZ and Juan Alfonso ROBLES, for violations of Title 46, United States Code, Section 70503(a). Therefore, this affidavit does not contain the details of every aspect of the investigation. Furthermore, this affidavit is based on my personal knowledge and experience, as well as information obtained from other law enforcement personnel.

3. On October 20, 2006, while on routine patrol, the United States Navy ship, USS THACH, sighted the Fishing Vessel (F/V) CALIPSO V in international waters, approximately 100 nautical miles Southwest of Punta Llorona, Costa Rica. Upon becoming aware of the presence of the USS THACH, the F/V CALIPSO V began making erratic maneuvers including a hard turn toward the direction to port. The F/V

1

CALIPSO V then attempted to cross the bow of the USS THACH. F/V CALIPSO V was steaming at or near the maximum speed not actively engaged in fishing.

4.  The Costa Rican Government was contact and they granted authorization to stop, board and search the F/V CALIPSO V. At that time, the USS THACH, along with the United States Coast Guard's (USCG) boarding team, stopped, boarded and searched the F/V CALIPSO V. The USCG boarding team reported numerous bales of suspected contraband in plain view located in the vessel's cargo hold, deck, and in the pilot's house. 5.  After initially claiming to be the Master, David MOSQUERA-ROSALES stated the real Master had just left the boat. ROSALES then ultimately said the real Master was never aboard the Vessel. ROSALES appeared unfamiliar with the vessel's documentation number and corresponding paperwork and could not switch the VHF radio to any channel but 16. ROSALES explained that they were fishing for shark, Marlin and Dorado. ROSALES said they left Punta Arenas, Costa Rica on October 13, 2006 and were returning October 25, 2006 to the vessel's homeport, Punta Arenas. ROSALES explained that the vessel had 1500 kilos of fish on board.

6.  The USCG boarding team identified the crew members aboard the CALIPSO V as David MOSQUERA-ROSALAS, Costa Rican national born on 9.22.1962, Jonathan CORNADO-CORNADO, Costa Rican national born on 12.5.1981, Gustavo CARMONA-MORERA, Costa Rican national born on 12.17.1977, Javier HERNANDEZ RODRIGUEZ, Columbian national born on 12.25.1975, Juan Alfonso ROBLES, Mexican national born on 12.24.1979, and John MORALES-QUESADA, Costa Rican national born on 7.20.1983.

7.  All six crew members were then escorted off the CALIPSO V to the USS THACH. A search of the vessel revealed 389 bales and eight individual kilograms of

2

suspected narcotics. These items were transferred to the USS THACH where a narcotic field test was conducted and proved positive for the presence of cocaine.

8. Upon further inspection of the CALIPSO V, the USCG Boarding Team noted the lack of fishing gear typically utilized by fishing vessels. Additionally, the USCG noted that there were no fish on board.

9. On November 3, 2006, a representative sample of the cocaine found on board the CALIPSO V and two defendants, Javier HERNANDEZ RODRIGUEZ and Juan Alfonso ROBLES, were then transferred to Panama City, Panama and flown to the Southern District of Florida.

10. Based on the foregoing facts, I submit that probable cause exists that the defendants, Javier HERNANDEZ RODRIGUEZ and Juan Alfonso ROBLES did knowingly and intentionally combine, conspire, confederate and agree with each other and with other persons, to possess with the intent to distribute a controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 46, United States Code, Section 70503(a) and Title 18, United States Code, Section 2.

FRANK N. DANIELS
Special Agent
Drug Enforcement Administration

Sworn and subscribed before me this 4th day of November, 2006.

PATRICK A. WHITE
UNITED STATES MAGISTRATE JUDGE

3